**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WINSTON HOLLOWAY**                                                         **PLAINTIFF**

V.                     **CASE NO. 5:13CV00245 JLH/BD**

**BENNY MAGNESS, et al.**                                       **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.   Introduction:

Plaintiff Winston Holloway, an Arkansas Department of Correction inmate, filed this lawsuit pro se and is proceeding *in forma pauperis*. He claims that the named Defendants acted with deliberate indifference to his medical needs. (Docket entries #2, #4) The Court previously dismissed Mr. Holloway's claims against Defendants White-Matthews, Austin, and Iko, as well the Doe Defendants. (#14, #62)

The remaining Defendants have now moved for summary judgment. (#76, #79) Mr. Holloway has responded to the motions; the Defendants have replied; and Mr. Holloway has responded to the Defendants' replies. (#86, #87, #88, #89, #90, #91, #92, #93, #94)

Based on the evidence presented, the Court recommends that the motions for summary judgment (#76, #79) be GRANTED.

## III.   Discussion:

   A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Mr. Holloway's Amended Complaint

In his amended complaint, Mr. Holloway alleges that on March 19, 2013, he noticed a boil on his buttocks, and submitted a sick-call request.[1] (#4 at p.6) On March 23, he was called to the unit infirmary to be examined.[2] *Id*. Mr. Holloway alleges that Defendant Wilfong refused to treat him and wrote "inappropriate" on his sick-call request.[3] *Id*. at 7. Mr. Holloway then left the infirmary and, after returning to his barracks, submitted an emergency grievance. *Id*. Mr. Holloway explains that he also

---

[1] Because Mr. Holloway's original complaint was deficient, he was instructed to file an amended complaint containing only one constitutional claim. (#3)

[2] The Court notes that during his deposition, Mr. Holloway testified that he was seen in the infirmary on March 22, 2012, or March 23, 2012. (#77-2 at pp.19, 24)

[3] In his deposition testimony, Mr. Holloway clarified that Defendant Wilfong did not state that she was refusing to treat him, but rather stated that "she didn't have to treat [him]." (#77-2 at pp.23, 25) After that, Mr. Holloway left the infirmary. *Id*.

went to pill-call that day, but was denied his medication.[4] The nurse allegedly informed Mr. Holloway that he could no longer receive his medication at noon pill-call. Rather, he would have to receive his medication at a 3:00 a.m. pill-call. *Id*. at 8.

On March 26, 2013, Mr. Holloway wrote another sick-call request complaining of fever, chills, weakness, chest pain, and shortness of breath. *Id*. He further noted that he was not able to urinate and was in great pain. *Id*. Mr. Holloway states that, at that point, he decided that he should lance the boil himself. *Id*.

The next day, Mr. Holloway explained his situation to Major V.R. Roberson.[5] *Id*. at p.8. Major Roberson contacted Nurse Chance, who took Mr. Holloway to the infirmary. *Id*. at p.9. After examining Mr. Holloway, Nurse Chance notified Dr. Warren. Dr. Warren then examined Mr. Holloway and drained the boil. *Id*. He prescribed antibiotics and dressing changes. According to Mr. Holloway, when Dr. Warren asked Mr. Holloway why he had waited so long to be treated, Nurse Chance responded "that's not his fault, he was here everyday, we dropped the ball on this." (#7-2 at p.40)

Mr. Holloway complains that no further testing was conducted, and that infirmary staff had to be taught how to change his dressings. Mr. Holloway explains that he requested that Defendants Wilfong and Ashley be prohibited from treating him.

---

[4] In his deposition, Mr. Holloway testified that he received his medication at pill-call right after he left the infirmary. (#72-2 at p.28)

[5] Mr. Holloway refers to this individual as both Major Robenson and Major Roberson. (#4 at pp.8-9) In addition, this individual is listed as B.R. Robinson in Mr. Holloway's deposition transcript. (#72-2 at p.39)

C. Undisputed Factual Background

The medical records presented in support of both motions for summary judgment are consistent with Mr. Holloway's version of events.[6] On March 21, 2013, Mr. Holloway submitted a sick-call request stating "I have a boil in the crack of my ass." (#81-2 at p.1) That sick-call request was received by the infirmary the next day. (#81-2 at p.1) On March 23, 2013, Defendant Wilfong triaged Mr. Holloway. Defendant Wilfong advised Mr. Holloway that the language used in his sick-call request was inappropriate and offered him the opportunity to review his sick-call request. (#81-1 at p.1) At that time, Mr. Holloway left the infirmary and refused to sign the refusal of treatment form. *Id*.

On March 27, 2013, Nurse Chance examined Mr. Holloway due to complaints of an abscess. (#77-1 at p.2; #81-1 at p.3) Nurse Chance noted a four-inch by two-inch area of redness on Mr. Holloway's inner left buttock with no drainage. (#77-1 at p.3; #81-1 at pp.4-6) She consulted Dr. Warren. *Id*. Dr. Warren examined Mr. Holloway, lanced the area, and drained the abscess. *Id*. Dr. Warren prescribed Bactrim (an oral antibiotic) for ten days, Rocephin (an injected antibiotic) for five days, and 20 cm of idoform gauze. *Id*.

---

[6] The Court notes that the Medical Defendants argue that their statement of undisputed facts should be deemed admitted based on Mr. Holloway's failure to respond to the Medical Defendants' statement in accordance with the Local Rules. While the Court agrees, Mr. Holloway is proceeding pro se. Accordingly, the Court will rely upon the medical records provided by the Defendants for the undisputed factual background.

On March 28, 2013, Nurse Scott cleaned the wound, and Dr. Warren examined the area.  (#77-1 at p.3; #81-1 at p.10)  From March 29, 2013, through March 31, 2013, the LPN on duty changed Mr. Holloway's dressing.  (#77-1 at p.4; #81-1 at pp.11-13)  Medical records indicate that on April 1 and 2, Mr. Holloway refused to be examined by Nurse Boardman.  (#77-1 at p.5; #81-1 at pp.14-17)  Mr. Holloway's daily dressing changes were performed April 3 through April 8.  (#77-1 at pp.6-7; #81-1 at pp.18-25)  On April 10, Nurse Boardman noted that Mr. Holloway refused treatment and refused to sign a "refusal of treatment" form.  (#77-1 at p.7; #81-1 at pp.26-27)

From April 11 through April 13, Mr. Holloway was treated.  (#77-1 at pp.8, 11; #81-1 at pp.28-30)  On April 14, Nurse Wilfong's notes reflect that Mr. Holloway refused to have his dressing changed and refused to sign the refusal form.  (#77-1 at p.11; #81-1 at p.31)

On April 15, April 16, April 17, April 19, April 20, and April 21, daily dressing changes were performed.  (#77-1 at pp.11-13; #81-1 at pp.32-37)  On April 22, Defendant Wilfong's notes indicate that Mr. Holloway refused treatment, would not sign a refusal form, and requested to be treated by another nurse.  (#77-1 at p.13; #81-1 at p.38)  After April 21, Mr. Holloway received no further treatment for the abscess.

D.     Exhaustion

The ADC Defendants contend that Mr. Holloway failed to fully exhaust grievances against Defendants Ray Hobbs, Wendy Kelly, Rory Griffin, and Benny Magness.  The


6

Court must address this issue prior to addressing the merits of Mr. Holloway's deliberate-indifference claim against these Defendants. See *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court erred when it dismissed the case, with prejudice, on the merits without first considering the exhaustion issue, and dismissing without prejudice).

It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained").

For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The prison's procedures, rather than the Prison Litigation Reform Act, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Furthermore, an inmate's beliefs as to the effectiveness of prison's administrative procedures are irrelevant in determining whether administrative procedures were available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Based upon the evidence presented, Mr. Holloway fully exhausted nine grievances related to the claims he raises in this lawsuit: CU-13-862, CU-13-866, CU-13-867, CU-

13-883, CU-13-940, CU-13-948, CU-13-992, CU-13-1140,[7] and CU-13-1150. (#79-2 at p.2)

In grievance CU-13-866, Mr. Holloway complains about the boil and states that he "reserves the right to add other names such as CMS, Director Artis Ray Hobbs, all members of the board of correction and others." (#80-4 at p.1) In that grievance, however, Mr. Holloway fails to explain how they were involved in the issues giving rise to this lawsuit.

In grievance CU-13-867, Mr. Holloway complains that Benny Magness, all ADC board members, and Ray Hobbs have a "statutory responsibility" to provide inmates medical care. (#80-5 at p.1) Mr. Holloway again complains about the treatment that he received for the boil. On appeal, that grievance was treated as a duplicate of CU-13-0862. (#80-5 at p.4)

Based on this undisputed evidence, and because Mr. Holloway has not come forward with any evidence that he fully exhausted any grievance identifying either Defendant Griffin or Defendant Kelley,[8] his claims against Defendants Griffin and Kelley should be dismissed, without prejudice. Mr. Holloway, however, plainly mentioned

---

[7] ADC Defendants concede that Mr. Holloway fully exhausted his administrative remedies with regard to Defendant Ashley in grievance CU-13-1150. (#84 at p.7; #80-11 at p.1)

[8] The Court notes that in his appeal of grievance CU-13-866, Mr. Holloway mentioned that he planned to file a grievance against Defendant Kelley. (#80-4 at p.2) Mr. Holloway, however, has not provided any evidence that he ever filed such a grievance.


Defendants Hobbs and Magness in a fully exhausted grievance. As a result, Defendants Hobbs or Magness are not entitled to judgment as a matter of law based on Mr. Holloway's failure to exhaust administrative procedures.

E.   Deliberate-Indifference Standard

Determining whether an official was deliberately indifferent to an inmate's medical needs involves both objective and subjective analyses. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). To prevail, Mr. Holloway first must establish that he suffered from an objectively serious medical need. *Id*. at 340. Because Defendants do not dispute that Mr. Holloway suffered from a serious medical need, the Court will turn to the subjective component of the deliberate-indifference standard.

For a Defendant to be liable, Mr. Holloway must show that the Defendant "actually knew of but deliberately disregarded [his] serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Holloway must show "more than negligence, more even than gross negligence." *Fourte*, 746 F.3d at 387 (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). So, "[m]erely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman,* 2014 WL 2898459 (8th Cir. 2014). Instead, Mr. Holloway must show that the Defendants' actions were "so inappropriate as to evidence

intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

Based on the undisputed evidence presented by the Defendants, the Court cannot conclude that the Defendants acted with deliberate indifference to Mr. Holloway's medical needs. First, Mr. Holloway has failed to present any evidence that Defendants Magness, Hobbs, Morgan, Peyton, Gardner, Ashley, or Corizon were aware of his need for medical treatment. Although Mr. Holloway alleges that Defendants Wilfong and Boardman were aware of his medical needs, the undisputed facts show that neither of them had the opportunity to examine Mr. Holloway before he left the infirmary on March 23, 2013.

Moreover, even assuming that Defendants Wilfong and Boardman were aware of Mr. Holloway's need for medical treatment, Mr. Holloway has failed to provide any evidence that their conduct rose to the level of "intentional maltreatment." Although Mr. Holloway claims that Defendant Wilfong stated that she did not like to treat "old people," he has not provided any evidence that Defendant Wilfong ever refused to treat him. Rather, the evidence presented shows that Mr. Holloway refused to be treated by Defendant Wilfong.

Mr. Holloway complains that his dressings were not changed on several days during his follow-up care, but it is undisputed that Mr. Holloway refused to be treated by several of the named Defendants. He had no constitutional right to be treated by a

particular health care provider. *Kinney v. Kalfus*, 25 F.3d 633, 634-35 (8th Cir. 1994). The undisputed evidence shows that Mr. Holloway received continuous follow-up care for his wound, and he has not provided any evidence that his wound failed to heal properly based on the Defendants' failure to provide him appropriate medical attention.

Accordingly, based on the evidence presented, the remaining Defendants are entitled to judgment as a matter of a law on Mr. Holloway's deliberate-indifference claim.[9]

**IV.    Conclusion:**

The Court recommends that the motions for summary judgment (#76, #79) be GRANTED.  Mr. Holloway's claims against Defendants Griffin and Kelly should be DISMISSED, without prejudice.  His claims against Defendants Magness, Hobbs, Ashley, Wilfong, Boardman, Morgan, Peyton, Gardner, and Corizon should be DISMISSED, with prejudice.   DATED this 31st day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] Because Mr. Holloway has failed to present evidence of deliberate-indifference, the Court will not address the respondeat superior and qualified immunity arguments raised in the ADC Defendants' motion for summary judgment in this Recommendation. Likewise, no extensive discussion is necessary regarding Mr. Holloway's claims of verbal harassment and failure to process grievances because these allegations fail to state a federal claim for relief.  See  *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (yelling, screaming, name-calling, and other verbal abuse does not demonstrate a constitutional violation); and  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).